IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL ACTION NO. 4:25-CR-67- |
| § | SDJ-BD-1 |
| EDWARD JAMAL LASSITER § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Edward Jamal Lassiter's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on December 3, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Anthony Lyons. The Government was represented by Matthew Johnson.

Defendant was sentenced on May 20, 2021, before The Honorable Mark T. Pittman of the Northern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute a Controlled Substance, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of I, was 30 to 37 months. Defendant qualified for the safety valve and was sentenced to 24 months imprisonment followed by a two-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, submission of requested financial information, a $2,500 fine, and a $100 special assessment. On December 14, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On March 27, 2025, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge.

On April 7, 2025, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #2, Sealed). The First Amended Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) (mandatory) Defendant shall not commit another federal, state or local crime; (2) (standard) Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers); (3) (standard) Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer (Dkt. #2 at pp. 1–2, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1)–(2) On May 27, 2023, officers with the Plano, Texas, Police Department responded to a possible intoxicated driver call. The officer witnessed a vehicle occupied by a single subject drive over a median and towards Dallas Parkway. Officers stopped the vehicle and made contact with the driver, identified as Defendant. There was a moderate odor of an alcoholic beverage emanating from his breath and his eye's appeared to be glassy and bloodshot. A field sobriety test was completed as well as a portable breath test. Defendant was then placed under arrest for the offense of Driving While Intoxicated. Officers conducted an inventory search of Defendant's vehicle and a .40 caliber Glock semiautomatic handgun with a magazine loaded with twenty-nine .40 caliber rounds was located in the vehicle's trunk. A criminal history inquiry showed Defendant to be on a current term of federal supervised release and the was therefore charged with Unlawful Possession of a Firearm by a Felon. On May 2, 2024, Defendant plead guilty to the offense of Driving While Intoxicated, Collin County Case No.: 006-87764-2023. He was sentenced to 15 months of probation. On November 8, 2023, Defendant was indicted in the Eastern District of Texas, Case

No. 4:23-CR-256 for violating 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Convicted Felon, Count 1, and 18 U.S.C. § 922(g)(1), Possession of Ammunition by a Convicted Felon. On December 4, 2024, Defendant pleaded guilty to Count 1: Possession of a Firearm by a Convicted Felon. On November 12, 2025, Defendant was sentenced to 41 months imprisonment, to run consecutively to any sentence which may be imposed in this case, and a 3-year term of supervised release to follow; (3) On May 27, 2023, Defendant traveled outside the Northern District of Texas without permission from his U.S. Probation Officer as evidenced by his conduct noted above in the Eastern District of Texas. (Dkt. #2 at pp. 1–2, Sealed).

Defendant entered a plea of true to all allegations in the First Amended Petition. Having considered the First Amended Petition and the plea of true to all allegations, the court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eight (8) months, to run consecutively to the sentence imposed in Case No. 4:23-CR-256, with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 13th day of January, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE